FILED
2011 May-13 PM 01:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| REGINALD CROSBY, ] | |
| ] | |
|    Plaintiff, ] | |
| ] | |
| vs. ] | 6:10-CV-03502-LSC |
| ] | |
| CITY OF HAMILTON, et al., ] | |
| ] | |
|    Defendant. ] | |

MEMORANDUM OF OPINION

The Court has for consideration defendant Renee Webb's motion to dismiss, which was filed on February 4, 2011. (Doc. 15.) Plaintiff Reginald Crosby initiated this action against the City of Hamilton, Alabama; Stanley Webb, individually and in his official capacity as Drug Force Task Manager; and Renee Webb on December 16, 2010. (Doc. 1.) Plaintiff contends that the City of Hamilton discriminated against him because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); 42 U.S.C. § 1981 ("§ 1981"), and 42 U.S.C. § 1983 ("§ 1983"), when he was not hired for a Drug Task Officer position and two available police officer positions. Plaintiff also maintains a § 1983 claim against Stanley Webb, and Alabama state law claims for defamation and

intentional interference with contract against both Stanley and Renee Webb. Renee Webb has moved to dismiss the Alabama state law claims against her for lack of subject matter jurisdiction. (Doc. 15.) Plaintiff contends that his state law claims are "pendent" claims. Renee Webb argues that the Court does not have, or should not exercise, "pendent jurisdiction" over these claims. The issues raised in Renee Webb's motion to dismiss have been briefed by the parties and are now ripe for review. Upon full consideration of the legal arguments and evidence presented, Renee Webb's motion will be granted in all respects.

Pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. § 1367(c), a district court's exercise of "pendent" or "ancillary" jurisdiction is now referred to as "supplemental jurisdiction." *Eubanks v. Gerwen*, 40 F.3d 1157, 1161 (11th Cir. 1994). "Subsection (a) of § 1367 establishes the district court's *power* to exercise supplemental jurisdiction over all supplemental claims which form part of the same 'case or controversy' under Article III of the Constitution." *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (emphasis in original) (citing *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1563 (11th Cir. 1994)). "The constitutional

'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Id.* (citing *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 724-25 (1966)).

Renee Webb is not a diverse party, and Plaintiff has not alleged any federal claim against her. Renee Webb did not work for the City of Hamilton and is not involved in Plaintiff's employment or § 1983 claims. In the Complaint, Plaintiff contends that he was told by Stanley Webb that he was not given the position of Drug Task Officer because he had a felony conviction. (Doc. 1 ¶ 15.) Plaintiff maintains he did not have a felony conviction and Renee Webb "repeated the false statement" that he had a felony drug conviction. (*Id.* ¶ 16.) Plaintiff does not identify the purported individuals to whom Renee Webb allegedly repeated the false statement that he had a felony conviction or give an approximate time(s) when she repeated the statement.

Plaintiff's federal claims against the other defendants in this action relate to alleged unlawful racial discrimination in an employment decision. Plaintiff's claims against Renee Webb do not derive from a common nucleus

of operative fact with regard to those federal claims. Plaintiff only alleges that Renee Webb "repeated" the same false statement made by Stanley Webb when he denied Plaintiff employment. (Doc. 1 ¶¶ 15-16.) Plaintiff has not alleged any facts supporting the conclusory assertions that Renee Webb caused or influenced the employment decisions at issue. Because Plaintiff's state law claims against Renee Webb do not comprise part of the same "case or controversy" as the operative federal claims in this action, the Court does not have the power to exercise supplemental jurisdiction over those state law claims.

Even if this Court did have the authority to exercise supplemental jurisdiction over Plaintiff's state law claims against Renee Webb, the Court retains "discretionary authority to dismiss supplemental claims under § 1367(c)." *Lucero*, 121 F.3d at 597. Section 1367(c) provides that a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"The *Gibbs* factors of judicial economy, convenience, fairness to the parties, and whether all claims would be expected to be tried together are evaluated under section 1367(c)(4)." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 745 (11th Cir. 2006).

Plaintiff has not established that proceeding against Renee Webb in federal court is in the interests of judicial economy. Substantial judicial resources have not yet been committed to the resolution of this case, and there is no unfairness to the parties to require Plaintiff to pursue these state law claims in state court. While it may be inconvenient for the plaintiff to initiate a separate action in state court while pursuing her federal claims in this Court, there is no expectation that her defamation and interference claims against Renee Webb would be tried together with the federal employment claims in this case. Renee Webb is not the employer at issue; she did not work for the employer at issue; and there are no factual

allegations that she had any influence or authority over the employment decision(s) at issue.

For these reasons, the Court will not exercise jurisdiction over Plaintiff's state law claims against Renee Webb.  Her motion to dismiss is due to be GRANTED.  A separate order will be entered.

Done this 13th day of May 2011.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297